Appellant, Mr. Becker for the Appellant, Ms. Bates for the Appellee. May it please the Court, on behalf of Dante Sheffield, I am William Francis Xavier Becker. With the Court's permission, I'll make an effort to address the questions that the Court presented in an order issued earlier this week. The first question seems to ask, as I understand it, for the interplay between the firearm provision and its enhanced penalty and the guidelines. My review of the sentencing proceeding seems to indicate that it was the guidelines and not the federal firearm provision. The Court seems to say that at page 12 of the transcript. At page 13, the United States seems to say that it's the guidelines. And when the defense counsel spoke on behalf of Dante at page 30. So, I would indicate, and I think that we all are aware, that the two stylistic provisions, the statutory provision in the firearm statute, along with the guidelines section, which is 4B1.1 with its definitions at .2, seem to mimic one another. The second question presented is the assumption that the sentencing enhancement of the firearm statute was not applicable. The sentence, may attempted robbery, qualify under the first clause of the guideline definition. The Welsh decision, the recent Welsh decision, seems to indicate that those two particular clauses, small i and small b, they refer to the small i clause as the elements clause. Whereas it appears throughout its history, subsections double i appears to be referred to as the residual clause. And those are the clauses that were the subject of the void for vagueness problems in Johnson last year in 2015. And the Welsh decision, which I believe the correct date on that, is the 18th of April of this year. Do you have the small i definition in front of you? I know I have it somewhere amongst my papers here. Small i? Yeah, the small i is where it falls in the definition. I believe I do, sir. If you have it handy, could you read the court's permission? I'm not being very clear, I realize. No, no, no, that's fine. I've tried to mark it in my notes. Do you wish me to take it from the firearm statute or from the guidelines? Try giving us both, one at a time. Fair enough. Referring to 18 U.S.C. 924 E 2B small i, has as an element the use, attempted use, or threatened use of physical force against the person of another? Again, I'm probably being unfair, but wouldn't attempted robbery come within that? Taking by force or violence as an element of robbery, wouldn't an attempt at robbery come within that definition? An attempt being a lesser included offense? Well, your client had a prior for attempted robbery, didn't he? He did, sir. So wouldn't that come within that definition? And I know we forced you to argue at this point, so I'm not going to... That's all right. I'm happy to try and accommodate you. I'll do everything I can to accommodate you. I don't want to just out-and-out concede the situation, and here's why. I don't mean to be cute or try and avoid the question. Here's my safe harbor for doing that. In the Taylor decision from the Supreme Court, when the penalty provision of the firearm statute seems to be first addressed, that gentleman had a burglary conviction. And Justice Blackmun, in the Taylor decision, said, well, wait a second. Burglary has got many statutory forms, and although Mr. Taylor may not have totally prevailed, his case was remanded to see exactly where it fell within the statutory definition. Burglary, if I recall correctly, does not have as a common law element the use of force or violence, where robbery, as a common law offense at least, does have. I agree. I agree. I'm not capable to change the common law, and that is correct. And so the common law takes the larceny elements, the six elements from there, and then I think that they add the assault-styled elements in that. Did robbery have its own statutory elements in this case under D.C. law? I believe it does. You wouldn't look to common law when you have statutory elements. Right. Do the statutory elements include force? The court's indulgence, sir? The statute, particular statute for the attempted robbery across the street in the Superior Court is 22-2802. And then the offense of robbery precedes that, and that is 2801. And the elements are the taking from the possession, yes, the use of force or violence or its threat, the property was carried away with the intent to permanently deprive. Does it have the use of force or violence within the language of the statute? It does. I'm sorry, within the attempt statute? No, within the robbery statute. The attempt statute is a general attempt statute applicable to several things. Right. The standard operating. Here's my question, and maybe what you've been saying addresses it, but I want to put it in different terms so I understand the answer. At common law and in the Jones case in D.C., the attempted robbery, which was of a bank, consisted of preparing and rehearsing and setting out to go to the bank in a vehicle full of weapons and diverting themselves from the destination because there were a bunch of police cars and sirens in the neighborhood. Something seemed to have gone wrong. No violence, but they were convicted of an attempt. So there was an overt act, but the overt act was not one of violence. So if that can be an attempt in the district, then one can have an attempt without any of the violent elements of a robbery. I would agree. And we know that that's not what happened in this case because of the allocution. The specific admission before the district judge as to what facts the government's facts were correct. But as I understand the Supreme Court case, we're not supposed to look at that because we've got to if we have before us an indivisible statute. Is that right? I'm not sure. Is the law an ass? I'm sorry? Is the law an ass? I'm happy that you call the law that, not myself. We know what the facts are here, but I don't see how under technology we can look at them. I think the expression was by the author possibly of the Welch decision or maybe Johnson before it. Maybe it was Justice Scalia that the nine years that we've had this, it hasn't helped us and it hasn't cleared it up. And I point to, as a comparison, and I agree with your analysis 110%, the shotgun case, which was, I think, Johnson. He got the enhancement, again, with the firearm statute and the guidelines mimicking one another in language. He got the enhancement, but there was no showing of the use. Rather, as I read the case, when the police came to his house or apartment, he showed them the AK-47 and he shouldn't have had it. And that's what led to the removal of the residual clause. I think that there is a need to evaluate the priors on a case-by-case basis. Now, I know that the Taylor decision talks about, well, we just used a categorical approach. But even in Taylor, when there were seven types of burglaries, Justice Blackmun said, let's go back and look at this. And that's what makes it a bit difficult. But, yes, Your Honor, I have this. I bear the burden of the record that is with us. Here's a statement from Dekamp. If the statute sweeps more broadly than the generic crime, so in our case, that would be the attempt statute as opposed to the substance of statute, the conviction under that law cannot count as an ACCA predicate, even if the defendant actually committed the offense in its generic form. The key, we emphasize, is elements, not facts. Now, they had their reasons. But the question is, are we there? Is that where we are or not? If you're asking me, is it clear, the answer is an unqualified no. It's not. And that's the problem. That's not clear. I thought it was crystal clear from the Supreme Court that you look at the statutes and not the underlying facts. Depending on the nature of the statute, your inquiry can alter. But the first thing you have to do is decide what the nature of the statute is. Fine. No problem there. No problem there. Let's find what the nature of it is. And it sounds at least like from the Jones case, the nature of the statute is you can commit attempted robbery without committing an act of violence or force. And I believe that that could happen in a unique set of circumstances. I'm just talking structurally under the statute, not looking at unique. We don't look at facts until we determine what kind of statute it is. And so I thought your answer was that the attempted robbery statute itself will allow prosecution of robberies that are obviously involved in force of violence and ones that don't involve force of violence, at least when the person is caught, that's why it's attempted. And I think one could say that since the attempt is the incomplete offense, the generic or the primary offense, that the attempt could be a situation in a factual basis where that particular element, the violence element, did not occur. All right. Well, we'll give you some time for rebuttal. Fair enough. Thank you. May it please the court. Lauren Bates on behalf of Appellate United States. I'll also begin with the questions that this court posed regarding the career offender sentence in this case. Just to back up, we agree that in this case it's not clear that the trial judge, the district court judge, which clause she relied on in finding that the attempted robbery was a crime of violence. And this is an offense, looking at the other priors that Appellant has, that is necessary to find the career offender enhancement. Would it not be our normal approach that we do not assume an error? We construe the district judge's decision, for example, on the question of which subparagraph she went under with reference to the crime of violence, in favor of affirmance unless it's shown to be an error. Yes, I think. Okay, thank you. Go on from there. So I'd like to just back up for one second. In finding attempted robbery as a crime of violence, there are really three different clauses that you can look to under the guidelines. There's what's referred to as the elements clause. The has as an element, the use, attempted use or threatened use of physical force against the person of another. There are also a subset of enumerated offenses specifically listed either in the text of 4B1.2B, 4B1.2A2. I apologize, but also in application note one, which under Stinson is authoritative and this court can look to that. And robbery is one of the enumerated offenses in the guidelines. And then third, there is what's commonly referred to as the residual clause, the remaining portion of 4B1.2A2, which is the language or otherwise involves conduct that presents a serious potential risk of physical injury to another. That is the language and it's identical language. It's the subject of the Johnson decision. However, Johnson was a case that was an armed career criminal act case analyzing that language in 924E. And so there's a threshold question of what is the state of the residual clause in the guidelines now post-Johnson. Is your position that that's somehow less vague? No. You agree that Johnson applies directly to the sentencing guideline provision as well, and so it's unconstitutional. The residual clause, that's the whole thing. The residual clause is unconstitutional. Yes, that is the government's litigating position across the country that the residual clause in the guidelines we will not rely on. We recognize that that's still subject of some debate amongst other circuits. And so Johnson's analysis applies there, although we believe Johnson's analysis applies differently with respect to retroactivity or issues that are not subject to this appeal. So we're left with two clauses, the elements clause and the enumerated offense clause. And in analyzing whether the D.C. offense of attempted robbery is a crime of violence under either of those clauses, the threshold question is what conduct does the statute, attempted robbery, prohibit? And does it prohibit conduct that falls outside of either the generic offense of robbery, the enumerated offense of robbery, or the elements clause? And first addressing this issue of attempt, the language of the elements clause is clear that it applies to, and a crime of violence can include an offense that involves the attempted use of physical force against the person of another. In fact, the guidelines commentary also makes this point in Application Note 1, where it states that crime of violence and controlled substance offense include the offenses of aiding and abetting, conspiring, and attempting to commit such offenses. Now, that's from which? That is from, I apologize, Application Note 1 to Section 4B1.2 of the guidelines. And in looking at what an attempt requires in the statute, an attempt requires a substantial step, an overt act in furtherance of the crime of robbery. And it's the government's position that looking at all of those, that an attempted robbery does satisfy the elements clause and does encompass the enumerated offense of robbery, even as an attempt, given, again, the clear language in the guidelines incorporating attempts. Does an overt act have to include force or violence? No, but the overt, I think that an attempted robbery, again, would include the attempted use of the physical force. Attempted commission of a crime which involved the physical force. Yes. But is the force or violence in the robbery statute itself, which the text of which includes snatching, I thought it was subtle that that was not necessary. It did not rise. Even the robbery statute itself did not always rise categorically to the level of force or violence needed for purposes of the guidelines enhancement. Is that right? Yes. Putting aside the issue of just the effect of the attempt here, if this court were to find that the robbery statute prescribed punished conduct that fell outside of the elements clause or the generic form of robbery, the next step would be to decide whether the D.C. robbery statute is divisible, whether the statutory text sets out alternative ways of committing the crime. And to the extent Your Honor has pointed to the language that you can commit a robbery under the D.C. code by stealthy seizure or snatch, I think there are prior cases from this court, Mathis and in Ray Seale's case, that suggest that that type of robbery may fall outside of the robbery that requires the requisite force and may even, if you look to treatises and other states' robbery statutes, fall outside of the generic offense of robbery. It's the government's position. It wasn't just a possibility. I mean, Mathis, we just said it's flat out. Yes. I'm sorry if I'm being… And so then the question would be, is the statutory text divisible? And it's the government's position that it is. The text of the robbery statute itself sets out that the robbery must be committed by force or violence and provides specific language in the statute of the different ways in which the robbery can be committed, against resistance, by stealthy snatch or seizure, or by putting in fear. And so the question then becomes, can you go to a specific set of documents, commonly referred to as the Shepard documents, and determine which type of robbery the defendant in the case was necessarily convicted of? And we believe in this case that the Shepard documents, and those were the subject of the recent supplemental filing that the government made, that the Shepard documents here, it was a plea case. The indictment and the transcript of the plea colloquy that includes the facts that the defendant admitted to would show that the defendant admitted and was necessarily convicted of the type of robbery that satisfies the elements clause. How is it that we get to look at those documents under Shepard? The question is whether the robbery statute is divisible. And if you find that the robbery statute is. But how could we find, if we find it's divisible, right? But if the attempted, is the attempted robbery one, do we have to find the attempted robbery one is divisible too? So, yes, in the attempted, I mean I think, so trying to piece this, the attempted robbery statute incorporates and specifically refers to the robbery statute itself. And so, to the extent that the question is not just the effective attempt, but the type of robbery. The attempted robbery statute, by referring to robbery, incorporates the text of the robbery statute. It refers to the specific code section of the robbery statute. So it's the, again, government's position, and I would be happy and welcome the opportunity to brief more fully this issue. But then you do look to that text that's incorporated of the robbery subsection, the previous subsection. And the statutory language there, again, clearly sets out these alternatives. Don't go away, I'm trying to catch up with you. Can I ask a quick question about the 404B evidence? Yes. Including a very stale 11-year-old conviction that was included. I noticed that if we were to determine that that was improperly admitted, your only harmless error argument was made in a footnote, one conclusory sentence in a footnote. And we have precedent in this court that says one conclusory sentence in a footnote is not sufficient to preserve an argument for our consideration. So what will we do with the fact that you wouldn't have seemed to have preserved a harmless error argument on that stale conviction? If we were to conclude that it was too stale to have been- I'd like to address first the threshold question, but I apologize, I'm looking at that sentence. I think that, again, the issue is discussed to the extent that the footnote is referring to, again, some of the discussions in the text about the potential prejudice in the weighing of the probative value. And so the footnote, although maybe brief, that specifically relates to harmlessness, was meant to incorporate the arguments that were above as well in the language regarding the minimal prejudicial impact given, again, the discussion of the limiting instructions that were given, the use of this evidence by the prosecutor at trial. And so it was an effort by the government to not repeat itself as to those same points, but to refer to that. I'm not saying we couldn't have made a really good harmless error argument. I'm trying to figure out what to do with sort of precedent that says one conclusory sentence in a footnote that essentially throws the ball back in our court to do the work isn't sufficient to preserve a claim. And, again, I think- I hope that this footnote sentence was not read as just a conclusory, it was not harmless, but was saying for the same reasons and was meant to incorporate reasons that were actually articulated. You placed the word around the office that if you want us to read something, put it up where our eyes naturally are. If God had meant for us to read footnotes, He would put our eyes on the vertical plane rather than the horizontal. Thank you. I have a colleague that happened to make a full law review article on going cold turkey on footnotes. We didn't agree on many things, but on that one- Thank you. I will pass that advice along. And it was an appropriately succinct and brief article in, I believe, the Colorado Law Review. Yes. And worth rereading from time to time. Thank you. But as to harmlessness, the argument was meant to incorporate the fact that this was- that there were limiting instructions given to the jury. There was ample other evidence here that went to these issues, including appellant's own statement. And that to the extent that this court were defined, that part of the 404B evidence was an abuse of discretion to admit, which we maintain it was not. In the balancing given, again, that these- in addressing the time factor, that was a point that we tried to address separately in the brief as well, that although there was an 11-year time gap, you can also look to the fact in weighing the prejudice and appropriate value that this was the exact same narcotic. All it was was a record of a conviction that didn't give the jury any facts from which they could infer anything about that that might be relevant to inferring intent or knowledge in this case. It seems to me that it was about as naked propensity evidence as you could have, and it was 11 years old. So the fact- Is there any case where we've upheld something that's 11 years old and it is just the fact that he did it once before? I will say, I mean, stemming from Crowder and then looking to this court's more recent cases and some of these, you know, I would have heard, I think it's one-sided in Appellant's brief, Douglas- Were any of those 11 years old? Those cases? Not the cases, the evidence. No, I don't believe that they were 11 years old in those cases, but to address Your Honor's point about it's just the fact of the conviction, that is the type of evidence that this court has routinely endorsed in these types of cases as being properly admitted under 404B. Do you have any that have been this old? I think in our McGill case recently we found something in a much shorter time frame was too stale to be considered. Yes, and I think putting the- the McGill case was a different set of factual circumstances, and I would be happy to look for, you know, a case and provide that by way of a letter. I didn't put any cases in your brief. You don't have cases in your brief that you've given us now that you can recall that are- I don't recall one that is 11 years, but I don't think that, you know, that specific amount of time, again, this is a rule of inclusion that the jury was given limiting instructions as to the very specific use that they could make of this, and the fact that the defendant had a prior conviction for possessing and having the intent to distribute the very same narcotic is relevant and is probative despite it being 11 years old to show that he's familiar with the narcotic, that he would have knowledge of what PCP is, and, you know, the jury would have to find here in a constructive possession case that he didn't think that this was simply a lemon juice bottle filled with lemon juice or some other liquid, but that he had knowledge that it was in fact a controlled substance. And I think that his familiarity with PCP, even be it 11 years ago, would go to show that he does know and he does have familiarity and knowledge of what PCP is, that it's a controlled substance and would make it more relevant and probative for the jury to find that he possessed and intentionally and knowingly possessed the controlled substance in this case. It's getting awfully close to a propensity line when you put that last conclusory sentence on there, that he would know and he would have. So the judge specifically instructed the jury that they weren't to use this for the forbidden purpose of concluding but simply because he had committed a bad act in the past. He was of bad character and committed that act here, and told the jury that they could use that to determine whether or not he had the knowledge and intent. And that limiting instruction was given twice. There was no additional instruction that was requested. And this court routinely has a long history of stating that prior convictions for possession with intent to distribute narcotics are probative and are admissible under 404B for this exact purpose. Counsel, I've risked prolonging this a few minutes because I'm not the only one here. Could you just give me again, give us again, your argument in the simplest terms possible as to why the D.C. robbery statute is, in your view, divisible? Yes, and I will try to do this in the simplest terms possible. Let me get the language before me. So the attempted robbery statute reads, whoever commits or attempts to commit robbery as defined in section 22-2801 by overt act, and then it provides the punishment. And so then we would say that the attempted robbery statute directs this court to the language in 22-2801. And that language states, whoever by force or violence, whether against resistance, or by sudden or stealthy seizure or snatching, or by putting in fear, shall take from the person or immediate actual possession of another anything of value is guilty of robbery. Okay, so let's assume we've got a case of stealth. Yes. Robbery by stealth, go on. And so to the extent that this court determined that the robbery statute was divisible, as the government maintains that it is, and the Shepard documents, whether it be the jury instructions in a trial case or the plea colloquy in a plea case, made clear that it was a pickpocketing-type robbery, a stealthy snatch or seizure. All that I get is you said one thing, and then you said, therefore, it's divisible, and then you said another thing, no problem with the last. Where does the therefore it's divisible come from? Again, the government is relying on the fact that there are three ways of committing the robbery that are specifically set forth in the text of the statute. Those three ways are first, whether against resistance, second, by sudden or stealthy seizure or snatching, and third, by putting in fear. But you're not saying those are all violent acts. Stealth? Correct. So you're not saying stealth is a violent act, but the primary principle clause of the statute, read the beginning of the statute again, please. Whoever by force or violence, comma, whether against resistance or by sudden or stealthy seizure or snatching. So does that not grammatically suggest that stealthy seizure is within the concept of violence? Otherwise, the statute does not make grammatical sense, does it? And again, I would welcome the opportunity to brief this, and perhaps at that time with more time to think about this, I might have a different position. But I don't think, given this court's prior case law and case law from other jurisdictions, that I think what we have here – Take the language of the statute. I don't know if you diagram sentences when you were in school or not, but in order to make it be grammatically sensible, you have to have those subordinate clauses within the primary. So having set forth violence in the primary, and then set forth those as modifying clauses to make grammatical sense, each of them has to come within the primary. I would like to make that argument. I'm not sure that that is – They won't let you. I'm not sure that the case law suggests that that is the argument. Again, I will take a closer look at this. I'm not sure there's any case law directly on the part of this. So force for purposes of the elements clause has a very specific definition, and there's the possibility that the type of force that the elements clause speaks to is not the stealthy seizure or snatch. You say the Supreme Court has been totally consistent. Don't we have a couple of cases on escape that say that that was a crime of violence because somebody might react violently if you escape from them? No. I think this is an exceedingly difficult and complicated issue right now. Let me just get this in front of you because I think we're going to – the presiding judge may ask you to submit in writing. In the – and this is bearing in mind Judge Sintel's observation. And my question is whether in the Seale case or Mathis we didn't already look at that and then say, nonetheless, because – well, here, let me see if I can just find the passage for you. It would be very brief here. Here it is. Although the robbery statute says, quote, by force or violence, close quote, in Ray Seale's case we said this. As we explained in Mathis, by defining force or violence to include the minimal level of force necessary to obtain property by sudden or stealthy seizure or snatching, the statute covers offenses that fail to qualify as crimes of violence under 4B12. And so – Now, so my simple question is this. Is that responsive to what Judge Sintel just said? I believe it is. And so that is, again, why I – So then you're in a tough spot. Standing here today, unless I were to say something different upon more reflection over this issue, I think that the question is going to hinge on whether the statute is divisible and whether this court gets to the modified categorical approach. If it's not divisible, isn't that to your benefit rather than your detriment? I'm losing something here. So if it's not divisible because – So – You win. I'm not following why you want it to be divisible. If it's not divisible because D.C. robbery, perhaps different than some other jurisdictions' robbery statutes, but – You're not answering the question I'm asking. I don't think that we win. You don't think you win if it's not divisible? Why is it not the case then that it's defining a crime of violence indivisibly and you win? Again, I would look to – If it's divisible, then it could be not a crime of violence. Are you mad at me? I feel that I'm arguing the wrong position here, but I don't – We're stuck with some precedent from us. Is that right? The answer you don't want to give is that this court's already tortured the statute into this. Yes, and I think that there are other cases from other jurisdictions and I believe perhaps even the Supreme Court weighing in on this kind of stealthy snatch or seizure not being sufficient to satisfy the force definition of the elements clause. And one last thing I would point out is one of the reasons that I would also suggest that supplemental briefing may be helpful in this case is that issues that could be implicated in this case are currently before the Supreme Court in a case called Mathis, different than this court's Mathis case, that speaks about when it's proper to apply the modified categorical approach and we expect a decision by the end of this term in that case. Unless there are any further questions, we ask that the judgment below be affirmed. I want to assure the court that your guidance about footnotes has been received and will be incorporated and I'll try and return to my diagramming practices as a student. I certainly don't want to make things more difficult, but... Yes, you do. If you're a defense attorney, that's your job. Perhaps I was thinking of trying to get another synonym other than difficult. But it's your job to say that you're not trying to. Exactly. What I was... Excuse the pun, but the footnote that I would add is that if this was a guideline-style situation, when they talk about force, one could say, in an effort to try and complete the expression, that it's physical force against the person. The second thing is I'd like to take a minute and address the 11-year-old conviction, please. Please don't think that I'm abandoning the other arguments, but I see where the court's attention is. I think that the court is abundantly correct when you look at that for what happened 9 to 11 years ago. I would not want my intent from 2006, on the weekend of the 20th to the 21st of May, be demonstrative of what my intent is this morning and tomorrow morning. We're not going to ask you what you were up to. Someone asked in the lawyer's lounge, and I think I may have mentioned that it was Preakness Week. It could have been that. I don't know. Well, if 11 years ago on that date it's understood and not disputed that you were playing chess, isn't that an indication that you know how to play chess? It is, but when one formulates a criminal intent, there's an element of bad behavior. And I think that being able to play chess... Okay, but it seems to me that's an objection to the long-accepted practice of using the cautionary instruction that the district judge did use here. Well, I'm not aware of anything of that age. And in our brief, we pointed out the Bowie decision, which was much closer. I think it was just a month. The recent McGill decision at the court, that was the first of March of this year. Now, that was a longer trial, and I don't know factually the precise amount of time those other bad acts were, but they didn't have the temporal distance. And I think of another fact that is important in that as to intent. Knowledge. Or an analogy. No, no, I have to say it was knowledge. It was admitted for knowledge. It was knowledge. But if we take the starting point of knowledge, the fact remains that this was in a locked consult. It was not in his backpack. It was not in his duffel case. In fact... He said everything in the car was his. He did. He did. Yes, sir. Okay. Are you going to ask? All right. Mr. Becker, you're appointed by the court to represent Mr. Sheffield in this case. We thank you for your assistance. And I think we would like supplemental briefing on the Johnson issue. Ten pages, seven days. So next Friday. If that works for everybody. If it doesn't, you can let us know. Ten pages, seven days. Does that work? Yes, the same three questions. Yep. Okay. Very well. Thank you very much. I'm sorry. I just want to suggest... I don't know if the court thinks it's provident that we... If we think that the math of the decision that's pending might bear on this issue to wait for that decision or not. I have a question on the supplemental briefing. Okay. Thank you. Thank you very much. The case is submitted.
judges: Millett, Ginsburg, Sentelle